# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2010

No. 10-60030
Summary Calendar

Lyle W. Cayce
Clerk

HUI CHEN,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A094   794   215

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hui Chen, an illegal alien, who is a native and citizen of the People's Republic of China, applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on his fear of persecution because of his Christian religious beliefs, membership in an unauthorized home church,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and distribution of religious fliers in public. The immigration judge ("IJ") denied Chen's application, and the Board of Immigration Appeals ("BIA") dismissed his administrative appeal.

Chen argues that he established a well-founded fear of persecution, that the IJ impermissibly ignored his friend's persecution, that restrictions on the practice of religion constitute persecution, that police knowledge of his religious faith before his friend's arrest is irrelevant, that the IJ impermissibly ignored the distinction between memberships in government-authorized and underground churches, that his asylum claim was analyzed under the wrong legal standard, and that the BIA erred by failing to address objective evidence of persecution and in refusing to consider his CAT claim.

As a threshold matter, the government argues that Chen did not exhaust his CAT claim because he did not raise it before the BIA. In the brief submitted to the BIA during his administrative appeal, Chen included a sentence setting forth the legal standard in CAT cases and general statements about his friend's torture by police. Even if those statements were sufficient to present Chen's claim fairly, there is no basis for reversing the IJ's denial of relief under the CAT. *See Omari v. Holder*, 562 F.3d 314, 321-23 (5th Cir. 2009); *Majd v. Gonzales*, 446 F.3d 590, 597 (5th Cir. 2006).

Next, we review the determination that Chen is ineligible for asylum and withholding of removal under the substantial evidence standard, so reversal is improper unless the evidence not only supports but also compels a contrary conclusion. *See Zhang v. Gonzales*, 432 F.3d 339, 343-44 (5th Cir. 2005). The IJ and BIA determined that Chen failed to establish past persecution or a well-founded fear of persecution if returned to the People's Republic of China. The evidence does not compel a contrary conclusion. *See Eduard v. Ashcroft*, 379 F.3d 182, 187-94 (5th Cir. 2004). Because Chen has failed to establish eligibility for asylum, he cannot meet the more stringent standard of eligibility for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

The petition for review is DENIED.